Dear Mr. Bailey:
Your request for an Attorney General's Opinion regarding a certain ad valorem tax has been assigned to me for research and reply.
You indicated that the voters of the Town of Richwood voted on and renewed an expiring millage rate that maintained the police department and the operation of the recreation facility of the town. Further, you indicated that all of the required procedures following an election were performed by the clerk of court.
Nevertheless, you indicated that the Board of Aldermen for the Town of Richwood has not fulfilled its obligation, under La.R.S. 18:1292, to examine and canvass the returns as well as to promulgate same in a certain newspaper. Additionally, the Board has not complied with La.R.S. 18:1293, which, in pertinent part, requires it to preserve a proces verbal of the canvass and to forward a copy to the secretary of state and clerk of the district court for recordation.
In light of the foregoing, you ask whether the Board of Aldermen may include in this particular ad valorem tax in its 2009 resolution to your office for placing on the 2009 tax roll.
First, we direct your attention to La.R.S. 47:1705(A), which provides the following:
 All tax recipient agencies of ad valorem taxes of each and every parish of the state of Louisiana, the parish of Orleans excepted, including the police jury, school board, levee district, special districts, municipalities, and all tax recipients of any nature whatsoever of ad valorem taxes, except municipalities which prepare their own tax rolls, are hereby required to furnish the assessor and the legislative auditor the authorizing ordinances *Page 2 
or resolutions and the tax rate to be applied to the assessed values for ad valorem tax purposes not later than June 1 of each year.
The use of the "hereby required to" language in La.R.S. 47:1705(A) indicates that the duty to "furnish the assessor and the legislative auditor the authorizing ordinances or resolutions and the tax rate to be applied to the assessed values for ad valorem tax purposes not later than June 1 of each year" is a mandatory duty, as opposed to a discretionary one.
Additionally, a reading of La.R.S. 18:1294 indicates that the primary purpose of the promulgation is to commence a 60-day time period, after which interested persons cannot contest the legality of the election or the tax authorized. Thus, by not complying with La.R.S. 18:1292 and La.R.S. 18:1293, the Board of Alderman is indefinitely leaving open the period of time in which interested persons can contest the legality of the election or the tax authorized. Nevertheless, the Board's noncompliance with La.R.S. 18:1292 and La.R.S. 18:1293 does not appear to affect its obligation under La.R.S. 47:1705(A).
Considering the forgoing statutory authorities, it is the opinion of this office that the mandatory duty, set forth in La.R.S. 47:1705(A), for governing authorities to "furnish the assessor and the legislative auditor the authorizing ordinances or resolutions and the tax rate to be applied to the assessed values for ad valorem tax purposes not later than June 1 of each year" is not conditioned upon the requirements of La.R.S. 18:1292 et seq. being satisfied. Thus, the Board of Aldermen must include that particular ad valorem tax in its 2009 resolution to the assessor's office for placing on the 2009 tax roll.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II